[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Wood County Court of Common Pleas which found appellant guilty of one count of aggravated assault in violation of R.C. 2903.12(A)(1). For the reasons that follow, this court vacates appellant's sentence and remands this matter to the trial court for resentencing pursuant to the applicable law.
Appellant sets forth the following assignment of error:
"Assignment of Error No. 1
 "THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A MAXIMUM TERM OF EIGHTEEN MONTHS IMPRISONMENT FOR THE OFFENSE OF AGGRAVATED ASSAULT AS OPPOSED TO COMMUNITY CONTROL WITH IMPOSITION OF COMMUNITY CONTROL SANCTIONS."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On October 31, 1996, while appellant was walking through a parking lot in Bowling Green, he observed a fight involving several men. When appellant saw that one of the men, Andrew Bohmer, was moving toward another man with a baseball bat, he took the bat away and struck Bohmer with it. Bohmer suffered severe injuries as a result of the fight. Appellant was charged with aggravated assault and on March 17, 1997, entered a plea of guilty. The trial court accepted the plea and on May 19, 1997, appellant was sentenced to eighteen months incarceration, the maximum allowable sentence of imprisonment. It is from that judgment that appellant appeals.
In support of his claim that the trial court abused its discretion by sentencing him to a term of imprisonment, appellant asserts that, by accepting the guilty plea, the trial court found that appellant's actions were brought on by serious provocation. Appellant argues that the trial court's sentence contradicts that finding and that a sentence of community control or a combination of community control sanctions would have been consistent with the purposes and principles of sentencing as set forth in R.C.2929.11. Appellant also argues that, pursuant to R.C. 2929.14(B), the trial court is required to impose the shortest prison term authorized for the offense if the defendant has not served a prison term, unless the court finds that such a sentence would demean the seriousness of the offense or would not adequately protect the public from future crimes by the offender. Appellant asserts further that, pursuant to R.C. 2929.14(C), the longest prison term authorized would be allowable only if appellant had committed the worst form of the offense or if he posed the greatest likelihood of committing future crimes.
Appellee responds that the trial court has considerable discretion in determining a sentence, subject only to the statutory factors set forth in R.C. 2929.12. Appellee responds further that the record demonstrates that all relevant factors were considered but that the seriousness of appellant's conduct and the severity of the victim's injuries made the maximum sentence necessary.
As to appellant's argument that, by accepting the guilty plea, the trial court found that appellant's actions were brought on by serious provocation, there is no evidence in the record that the trial court made such a finding when it accepted appellant's plea. This argument is therefore without merit.
This court must examine the applicable statutes as they relate to the sentence which was imposed upon appellant by the trial court. Although sentencing under Am.Sub.S.B. 2, effective July 1, 1996, allows the trial court some discretion in sentencing a defendant, the law also sets forth specific guidelines.
R.C. 2953.08 provides in relevant part:
 "(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;"
R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C.2929.11 purposes and principles of sentencing. R.C. 2929.12(A).
After following through with the seriousness and recidivism analysis required by R.C. 2929.12, the trial court is guided by R.C. 2929.13 in determining the sanction or combination of sanctions to impose on the felony offender. R.C. 2929.13(B) provides as follows:
 "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
"* * *
 "(2)(a) If the court makes a finding described in division (B)(1)(a) * * * of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. * * *"
Upon thorough examination of the transcript of the sentencing hearing as well as the trial court's judgment entry of sentence, this court finds preliminarily that the court considered the principles and purposes of sentencing pursuant to R.C. 2929.11
and balanced the seriousness and recidivism factors set forth in R.C. 2929.12.
Of concern to this court in this case are the restrictions set forth in R.C. 2929.14, which provides in pertinent part:
 "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. * * *"
Pursuant to division (B) above, since appellant had not previously served a prison term, the trial court was required to impose the shortest sentence authorized unless it found on therecord that such a sentence would demean the seriousness of appellant's conduct or would not adequately protect the public from future crimes by appellant. The record contains no oral or written findings by the trial court as to either of those factors. As to division (C) of R.C. 2929.14, we further find that the trial court did not state either at the hearing or in the sentencing entry that appellant had committed the "worst form" of the offense or that he posed the "greatest likelihood of committing future crimes." The trial court did find that it "[could] not be sure that there will not be recidivism," but such language is not equivalent to finding that he posed "the greatest likelihood" of recidivism.
Upon consideration of the record of proceedings in the trial court and the law, this court finds that the record does not support appellant's sentence and that trial court erred by sentencing appellant to eighteen months in prison. Accordingly, appellant's sole assignment of error is found well-taken.
On consideration whereof, this court finds that appellant has been prejudiced. The judgment of the Wood County Court of Common Pleas is reversed. The sentence imposed upon appellant in the May 19, 1997 judgment entry is hereby vacated and this matter is remanded to the trial court for resentencing in accordance with this opinion and the law. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.